Vincent A. Lupiano, J.
Plaintiff moves for an order revoking the disputed certificate of occupancy and restraining and enjoining the defendant H. C. Bohack Co., Inc., from using the premises, subject of such certificate, for business purposes. By separate motions each of the defendants moves for dismissal of the complaint for legal insufficiency.
It is charged in the complaint that in the year 1956 the subject premises were duly zoned for residential use. At the time the premises were used as a food market and thus were put to a nonconforming use. Thereafter, it is alleged, and in the year 1959, the premises were duly abandoned and remained vacant and unused until December 22, 1961. Without notice to the plaintiff or other property owners similarly situated, the defendant Commissioner, in his official capacity, approved on October 17, 1960, an application to alter the premises for business use and, subsequently, on October 11, 1961, again in his official capacity, he caused to be issued a certificate of occupancy authorizing use for business purposes as a retail food market. It is charged that the defendant Commissioner is and was without authority to vary the nature of the use, that the approval of alterations and issuance of certificate of occupancy were in violation of law and not within the scope of his authority.
*814 At the outset, it should be pointed out that the failure of the plaintiff, as an aggrieved party, to exhaust its administrative remedies by appealing to the Board of Standards and Appeals (New York City Charter, § 668, subd. a) does not preclude this action for injunctive relief (Lesron Junior, Inc., v. Feinberg, 13 A D 2d 90).
However, in City of Binghamton v. Gartell (275 App. Div. 457, 459-460) the court stated:
“ The general rule is that the right of a property owner to continue a nonconforming use may be lost through abandonment of such use. However, an abandonment within the meaning of the rule under consideration connotes a voluntary, affirmative, completed act. It means something more than a mere suspension, a temporary nonoceupancy of a building, or a temporary cessation of business and this has been held true even though the discontinuance existed over a considerable period of time (58 Am. Jur., Zoning, § 153 and cases there cited).
61 Abandonment in law depends upon the concurrence of two and only two factors; one, an intention to abandon or relinquish; and two, some overt act, or some failure to act, which carries the implication that owner neither claims nor retains any interest in the subject matter of the abandonment * * *.
“ Time is not an essential element of abandonment although the lapse of time may be evidence of abandonment. It is a universally accepted principle that mere nonuse of property over a period of time, when unaccompanied by any other acts indicating an intention to relinquish or abandon title thereto or ownership thereof, does not amount to an abandonment (1 O. J. S., Abandonment, § 3, and cases there cited).”
There is nothing contained in the complaint to support the conclusory allegation that the nonconforming use was “ duly abandoned ” in 1959.
Accordingly, the motions for dismissal are granted, with leave to serve an amended complaint within 20 days after service of a copy of this order with notice of entry thereof and the motion for temporary injunction is denied.